UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MATTHEW C. CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 12-11491-FDS |
| | ) | |
| MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

SAYLOR, J.

**I.   Introduction**

On August 9, 2012, plaintiff Matthew C. Connor, a resident of Pawtucket, Rhode Island, filed a self-prepared complaint against the Massachusetts Commission Against Discrimination ("MCAD"). He alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332; however, he fails to identify expressly his legal theory upon which liability is based. In his civil cover sheet attached to the complaint, he alleges violations of 42 U.S.C. § 1985(2) and (3) (conspiracy to violate civil rights and deprivation of rights).[1]

In brief, Connor contends that he filed an administrative complaint with MCAD charging racial discrimination by a prospective employer. On March 6, 2012, MCAD made a determination that there was a lack of probable cause of discrimination, and the administrative matter was closed. Connor contends that earlier, however, he had appealed the conclusions of the MCAD investigation on the grounds that his rebuttal and his evidence were not mentioned in

---

[1] The complaint does not set forth any state-law causes of action; it appears that subject-matter jurisdiction is based on 28 U.S.C. § 1331 (federal question).

the MCAD determination. He also contends that a preliminary hearing was held of February 22, 2012, and that a further hearing was supposed to be scheduled, but was not provided with any further hearing. Connor attempted to resolve the matter with MCAD by writing two letters noting its errors, to no avail. He maintains that he filed proper charges with MCAD and the Equal Employment Opportunity Commission in September, 2007. He also asserts he did not want to burden the federal courts with his discrimination case.

As relief, Connor seeks $10,000 in damages. He states that because of the alleged racial discrimination, he was on unemployment, then later took a lesser-paying job, defaulted on his student loans, and had his automobile repossessed (which prevented him from taking a job as a security guard). He also contends that he was unable to keep current his skills as a computer-aided draftsman. In addition to damages for financial hardship, Connor seeks punitive damages for the social, emotional, and psychological distress suffered as a result of his experience with MCAD. He further contends that he was unable to afford to seek professional health care to treat his anxiety over the alleged racial discrimination.

Accompanying the complaint was a motion for appointment of counsel and a motion for leave to proceed *in forma pauperis*.

## II.     Analysis

### A.     The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of plaintiff's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing fee for this action. Accordingly, his renewed motion for leave to proceed *in forma pauperis* will be granted.

### B.     Screening of the Complaint

Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening

under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]

For purposes of preliminary screening, the Court will construe plaintiff's complaint liberally because plaintiff is proceeding *pro se. See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, plaintiff's complaint will be dismissed for the reasons discussed below.

## C.     Failure to Plead Claims Pursuant to Fed. R. Civ. P. 8

Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir.2005); *Phelps v.Local 0222*, 2010 WL 3342031, at *5 (D. Mass. 2010). The complaint must afford the defendant(s) a " ['] meaningful opportunity to mount a defense.'" *Diaz–Rivera v. Rivera–Rodriguez*, 311 F.3d 119, 123 (1st Cir.2004) (quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir.1995)); *see Redondo–Borges v. U.S. Dept. of*

---

[2] In addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines . . . it lacks subject matter jurisdiction, the court must dismiss the action."). *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

*Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005); *Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc.*, 2011 WL 2681195, *2, (D. Mass. 2011). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriquenos en Action v. Hernandez*, 367 F.3d 61, 68 (1st Cir.2004). Although "the requirements of Rule 8(a)(2) are minimal . . . [,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)) (internal punctuation and additional citations omitted)).

      Here, the complaint fails to set forth the factual theories under which plaintiff asserts liability. As noted above, in his civil cover sheet, he alleges violations of § 1985(2) and (3), yet he fails to set forth the basis a *bona fide* factual basis for conspiracy claims under either provision. Section 1985(2) addresses conspiracies to obstruct justice or to interfere with witnesses.[3] Section 1985(3) addresses conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (quoting *Griffin v.*

---

[3] Section 1985(2) of Title 42 provides as follows:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).

*Breckenridge*, 403 U.S. 88, 102 (1971)).[4]  Plaintiff has made no allegation that even inferentially suggests that MCAD (through its employees) has conspired against him in order to obstruct justice, nor has he set forth facts showing that MCAD was motivated by any class-based, invidiously discriminatory animus.  While his underlying employment-discrimination case involves a claim of racial discrimination by a prospective employer, he fails to assert facts of discrimination *by MCAD* from which violations of § 1985 (2) and/or (3) reasonably could be inferred.  The mere failure of MCAD to rule in his favor or to hold a further hearing simply is not enough to set forth plausible claims under § 1985.  Further, the complaint fails to set forth factual allegations that two or more persons conspired to deprive him of his rights.

In short, the complaint fails to state a claim upon which relief can be granted.  *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F. Supp. 2d 188, 203–204 (D.P.R.2001); *see Romero–Barcelo v. Hernandez Agosto*, 75 F.3d 23, 35 (1st Cir.1996) (conclusory statements are insufficient to support a § 1985(3) claim); *accord Slotnick v.*

---

[4] Section 1985(3) states as follows:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

*Staviskey*, 560 F.2d 31, 33 (1st Cir.1977); *Faust v. Cabral*, 2011 WL 4529374, *3 n.2 (D. Mass. 2011).[5]

Accordingly, plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief can be granted).

### D. Plaintiff's Claims Are Barred By Eleventh Amendment Immunity

Ordinarily, a *pro se* litigant is given an opportunity to cure legal deficiencies in the complaint. In this case, however, no further opportunity to cure the pleading deficiencies is appropriate.

Specifically, to the extent plaintiff asserts any constitutional claims under 42 U.S.C. § 1985 or even due process claims under § 1983, his claims are barred because MCAD, as an agency of the Commonwealth of Massachusetts, is entitled to sovereign immunity from a damages suit.[6] "The Eleventh Amendment bars actions in federal courts claiming damages against a state and its agencies unless the state has consented to be sued in federal court." *Boulais v. Commonwealth of Mass.*, 2002 WL 225936 at *1 (D. Mass. 2002) (citations omitted). *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*) (Eleventh Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the

---

[5] This Court also considers that plaintiff had an adequate state and/or federal court remedy to counter any adverse decision by MCAD, in that he could have filed a lawsuit against the prospective employer upon the denial of his administrative complaints.

[6] "Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. Aug. 24, 2011) (quoting *Redondo-Borges v. U.S. Dep't of HUD*, 421 F.3d 1, 7 (1st Cir. 2005)).

State has consented to suit); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); *Quern v. Jordan*, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) ("[T]here has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity").  Nothing in plaintiff's allegations reasonably could be construed as presenting claims as to which the Commonwealth of Massachusetts (or MCAD) has waived its sovereign immunity to suit in federal court, and there is no reasonable prospect that those deficiencies could be cured.[7]

In light of the above, this action will be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) (suit that seeks monetary relief from a defendant who is immune from such relief).

### E. The Motion for Appointment of Counsel

In his motion for appointment of counsel, plaintiff asserts that he has made a number of unsuccessful attempts to obtain legal assistance or representation (including contacting the Greater Boston Legal Services, the Volunteer Lawyers Project of the Greater Boston Bar, and the Legal Advocacy and Resource Center in Boston).  He attaches as exhibits various letters from counsel declining to represent him.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a

---

[7] Similarly, state employees sued for monetary damages for actions taken in their "official capacity" are also immune from suit.  The Eleventh Amendment extends to confer immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . ." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101-102, n. 11; *accord Hafer v. Melo*, 502 U.S. 21, 25 (1991) (same).  Therefore, to the extent that plaintiff seeks monetary relief from any MCAD employee for actions taken in an official capacity, the Eleventh Amendment bars such relief. *See Will*, 491 U.S. at 71 (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).

constitutional right to free counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.[8]

Here, notwithstanding that plaintiff may not be able to afford to retain his own counsel, for the reasons noted above, this case has no legal merit and is being dismissed. Thus, the expenditure of the scarce *pro bono* resources of the court is not warranted.

Accordingly, plaintiff's motion for appointment of counsel will be denied.

### III.   Conclusion

For the foregoing reasons, it is hereby ordered that:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED;

2.   Plaintiff's Motion for Appointment of Counsel is DENIED; and

3.   This action is DISMISSED in its entirety *sua sponte*.

**So Ordered.**

Dated:  August 15, 2012

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[8] The standard for appointment of *pro bono* counsel is less stringent in employment discrimination cases. *See, e.g., Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability."). "Any one of the three factors may be determinative." *Id.* at 36 (citing *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 501 (7th Cir. 1986)).